**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AMARI J. MOODY,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, OFFICE FOR CIVIL RIGHTS *et al*.,<br><br>Defendants. | ) | Civil Action No. 26-01255 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a "Combined Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act" and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff, a resident of Dacula, Georgia, sues the U.S. Department of Health and Human Services' Office for Civil Rights (OCR) and a Regional Manager and an Equal Opportunity Specialist in their official capacities. Compl. Caption. Plaintiff claims a host of serious "impairments arising from complications following Functional Endoscopic Sinus Surgery performed February 26, 2025." Compl., ECF No. 1 at 5. He turned to OCR to investigate and filed this action after OCR dismissed all but one of his complaints. *See id*. at 4 (attributing twelve "closed complaints" to "systematic jurisdictional misclassification").

Plaintiff alleges "a documented pattern of systematic enforcement failure" in OCR's handling of his "thirteen OCR complaints filed . . . between February 2025 and September 2025, *id*. at 3, that accused "covered entities" in Georgia of violating "HIPPA Privacy Rule and Section

504 obligations in connection with Plaintiff's documented post-surgical condition." *Id*. at 5. The "last active complaint" was closed on June 9, 2026. Pl.'s Third Supplement to Complaint, ECF No. 6 at 1; *see* ECF No. 6-1 at 8 (closure letter).

The mandamus statute confers upon federal district courts jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is "an option of last resort," *Illinois v. Ferriero*, 60 F.4th 704, 714 (D.C. Cir. 2023) (citation omitted), that is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). If "all three of these threshold requirements" are not met, the court must dismiss the petition for lack of subject-matter jurisdiction. *Ferriero*, 60 F.4th at 714. "In other words, mandamus jurisdiction under § 1361 merges with the merits." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020) (cleaned up).

A "court may properly issue a writ of mandamus only if the duty to be performed is ministerial and the obligation to act peremptory and clearly defined." *Shoshone Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995) (cleaned up). A writ of mandamus cannot issue for discretionary acts, which generally includes "an agency's refusal to institute proceedings," *Heckler v. Chaney*, 470 U.S. 821, 832 (1985), or "to take enforcement action," *Sierra Club v. Jackson*, 648 F.3d 848, 855 (D.C. Cir. 2011). Similarly, the APA excepts from judicial review "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

Plaintiff's allegations establish neither a clear right to relief under the mandamus statute nor a nondiscretionary act reviewable under the APA. His summary of the reasons OCR provided for the case closures, *see* Compl. at 9-10, and supporting exhibits undermine the notion that OCR

failed in its duty to review Plaintiff's complaints. *See, e.g.*, Compl. Ex., ECF No. 1-2 at 1-3 (OCR's comprehensive closure letter issued after having "carefully reviewed" Plaintiff's "complaint against Mount Sinai and . . . determined to resolve this matter informally through the provision of technical assistance to Mount Sinai."). Therefore, this case will be dismissed.

A separate order accompanies this opinion.

__________/s/_____________
AMIT P. MEHTA
United States District Judge

Date: August 25, 2026